UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPP
NORTHERN DIVISION

STAFFORD L. CHAMBERS                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:22-cv-551-DPJ-ASH

RAY RICE, ET AL.                                                                              DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court sua sponte for pro se plaintiff Stafford L. Chambers's failure to respond and provide the Court with his current mailing address. For the reasons explained below, the undersigned recommends that Chambers's case be dismissed without prejudice.

I.  BACKGROUND

Chambers filed this conditions-of-confinement Complaint for violation of his civil rights. Compl. [1] at 1. He claims in this lawsuit that his constitutional rights were violated while housed in the Central Mississippi Correctional Facility in Pearl, Mississippi, and East Mississippi Correctional Facility in Meridian, Mississippi. Compl. [1] at 4–5; Pl.'s Resp. [13] at 2–3; Pl.'s Resp. [17] at 1–2. Chambers's case is proceeding against Defendants Ray Rice, Jacob Vigliante, Ron King, Warden Joeanna Shevers, Dorothy Franks, and Warden James Millers.[1] Compl. [1] at 2–3; Order [20] at 1–2.

On September 27, 2024, the Court set an Omnibus Hearing in this case for October 30, 2024. Order [40]. Chambers was mailed a copy of that Order [40] at his last-known address of record. The envelope containing that Order [40] was returned as undeliverable, and was stamped

---

[1] Defendants Security Warden, Heard Warden, Superior Warden, and Program Warden appear to be job titles for some of the names Defendants, see Compl. [1] at 2, but since that is unclear, these Defendants are considered "John Doe" Defendants.

"Return to Sender No Longer at this Address." Mail Returned [44] at 1. The Court has repeatedly notified Chambers in prior Orders and documents that his failure to notify the Court of a change of address would result in the dismissal of this civil action. Order [32] at 3–4; Order [21] at 3; Order [20] at 3; Order [16] at 1–2; Order [14] at 2; Order [12] at 3; Order [10] at 3; Order [9] at 3; Order [7] at 4; Order [4] at 2; Order [3] at 2; Notice of Assignment [1-2] at 1.

On October 18, 2024, the undersigned entered an Order Cancelling Omnibus Hearing and Directing Chambers to Show Cause [45] by November 1, 2024. In it, the Court required Chambers to (1) explain why this case should not be dismissed for his failure to prosecute and failure to comply with the Court's order and (2) provide the Court with his current address. Order [45] at 2. That Order [45] was mailed to Chambers at his last-known address at the East Mississippi Correctional Facility in Meridian, Mississippi. The envelope containing that show-cause Order [45] was returned as undeliverable stamped "Return to Sender No Longer at this Address." Mail Returned [46] at 1. Chambers has not complied, nor has he filed a notice of his current address.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of

cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. "[T]rial courts must be allowed leeway in the difficult task of keeping their dockets moving. Failure to attend a hearing is a critical default." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (affirming sua sponte dismissal of former prisoner's pro se civil action for his failure to appear at a status conference).

Chambers's last action in this case was when he filed a letter [30] on July 12, 2024. Chambers has not contacted the Court to inquire about this case or to supply his current address. The Court notified—and warned—Chambers on at least twelve occasions that his failure to comply with a court order or his failure to supply a current address could result in the dismissal of this case. *See* Orders [32] [21] [20] [16] [14] [12] [10] [9] [7] [4] [3]; Notice of Assignment [1-2].

As the record demonstrates, Chambers has been warned numerous times that his failure to keep the Court informed of his current address or his failure to comply with the Court's orders would result in the dismissal of this case. The Court's repeated warnings establish that lesser sanctions than dismissal have failed to prompt "diligent prosecution" by Chambers, and instead have "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. It is apparent that Chambers no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.

III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed, without prejudice, for Chambers's failure to prosecute. Additionally, the undersigned also recommends that this civil action be dismissed, without prejudice, for Chambers's failure to comply with the Court's prior orders requiring him to notify the Court of a change of address.

IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[2] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPCTFULLY SUBMITTED, this the 8th day of November, 2024.

*s/ Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).

4