UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STAFFORD L. CHAMBERS                                                                           PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:22-CV-551-DPJ-ASH

RAY RICE, et al.                                                                                DEFENDANTS

ORDER

This conditions-of-confinement case under 42 U.S.C. § 1983 is before the Court on the Report and Recommendation [47] of United States Magistrate Judge Andrew S. Harris. Judge Harris recommended dismissing Stafford Chambers's claims for failure to prosecute after he repeatedly failed to comply with Court orders and notify the Court of a change of address.[1]

Chambers has not objected to the Report and Recommendation, and the time to do so has passed. The docket also reflects that the Court mailed copies of two orders to Chambers's last-known address—an Order [40] setting an omnibus hearing and an Order [45] cancelling the hearing and directing Chambers to show cause. Both Orders were returned as undeliverable, *see* [44, 46] (mail returned), further confirming that Chambers has failed to keep the Court informed of his current address.

This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant

---

[1] In previous Orders, the Court warned Chambers that a failure to keep the Court informed of any change of address may result in dismissal. *See* Orders [3, 4, 7, 9, 10, 12, 14, 16, 20, 21, 32,]; *see also* Notice of Assignment [1-2] at 1.

because of the inaction or dilatoriness of the party's seeking relief, to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629–30.

The Court concludes that the Report and Recommendation should be adopted as the opinion of this Court. This case is dismissed without prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of November, 2024.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE